**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

SHIRLEY J. MASON                                                                                    PLAINTIFF


V.                                            3:07CV00012 SWW/HDY


EARNESTINE MOBLEY, Supervisor,
Crittenden County Detention Facility; and
DR. STRATOR, Crittenden County Detention Facility                         DEFENDANTS


## ORDER

Plaintiff initiated this *pro se* action pursuant to 42 U.S.C. § 1983 by filing a Complaint and

an Application to Proceed *In Forma Pauperis* , alleging claims related to conditions of confinement

at the Crittenden County Detention Center.  In an Order dated July 2, 2007 (docket entry #40), the

Court ordered Plaintiff to submit, within thirty days, any additional information she might possess

to assist the Court with obtaining service on the Defendants.  This Order was mailed to Plaintiff at

the most-recent address known to the Court, the Crittenden County Detention Center, but has been

returned as undeliverable.  *See* docket entry # 42.   A search of the Arkansas Department of

Correction internet inmate list does not show her to be in their custody, and Plaintiff has provided

no other address to the Court.

The Court has no other means by which to contact Plaintiff, nor any other address with which

to reach her, and has not had any contact from the Plaintiff since May 4, 2007.  Plaintiff did not

receive the Order granting her thirty days in which to respond to the Court's request for further

information, so it would seem futile to wait longer for a response from her.

Local Rule 5.5(c)(2) directs *pro se* litigants  to "promptly notify the Clerk and the other

1

parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently" and provides that if any communication from the Court to a *pro se* litigant is not responded to within thirty days, the case may be dismissed without prejudice.  Under these circumstances, the Court concludes that this case should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2).  *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) ("District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and we review the exercise of this power for abuse of discretion.")

IT IS THEREFORE ORDERED that Plaintiff's Complaint (docket entry #2) be and it is hereby DISMISSED WITHOUT PREJUDICE.

DATED this 9th day of August, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE